United States District Court
Northern District of California

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            San Francisco Division

11   OPERATING ENGINEERS HEALTH            Case No. 24-cv-03007-LB
     AND WELFARE TRUST FUND, et al.,
12                                         **ORDER REGARDING SERVICE**
                Plaintiffs,
13                                         Re: ECF No. 13
          v.
14
     MERCOZA, et al.,
15
                Defendants.
16

17                              **INTRODUCTION**

18        The plaintiffs — benefits plans and trustees — sued defendants Mercoza (a California

19   corporation) and Jason Duran Martinez (its CEO and CFO) for unpaid fringe-benefit

20   contributions, liquidated damages, and interest pursuant to the parties' collective bargaining and

21   trust agreements, the Labor Management Relations Act (LMRA), and the Employee Retirement

22   Income Security Act of 1974 (ERISA). The plaintiffs served Mercoza's agent for service of

23   process with the first complaint, amended the complaint to update the amounts owed, tried to

24   serve the defendants with the amended complaint, and were unable to serve them. They thus have

25   applied to serve Mercoza via the California Secretary of State under Cal. Corp. Code § 1702(a)

26   and Mr. Duran by publication under Cal. Civ. Proc. Code § 415.50. A Google search reveals a

27   bricks-and-mortar store and other contact information. The court denies the motion without

28   prejudice to allow the additional efforts identified below.

ORDER – No. 24-cv-03007-LB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT**

On May 30, 2024, the plaintiffs served Mercoza with the initial complaint and summons by personal service to Mercoza's agent for service of process.[1] On July 17, 2014, the plaintiffs amended the complaint.[2] They had not served Mr. Duran at this point.[3] In its January 11, 2024, Statement of Information filed with the Secretary of State, Mr. Duran is listed as Mercoza's CEO and CFO, the business address is 2001 Omega Road, #215, San Ramon, CA 94583, and the agent for service of process is United States Corporation Agents, Inc.[4] On May 30, 2024, the same day that the plaintiffs served Mercoza, Mercoza filed an updated Statement of Information with the Secretary of State with the same business information and address and listing Mr. Duran at the Omega Road address as the agent for service of process.[5]

On July 19, 2024, the process server attempted service at the Omega Road address but a different business, Killroy Pest Control, was operating there.[6] A Lexis database search revealed an address for Mr. Duran of 181 East Santa Clara Street, #1812, San Jose, CA 95113. On June 6, 2024, the process server tried to serve Mr. Duran there but a person in the lobby said that he no longer lived there.[7] On July 26, the process server tried to serve Mr. Duran again at that address. She spoke with a resident and security at the front desk; both reported that he did not live there.[8] As of August 11, 2024, the Secretary of State's Business Entity database shows the same corporate information, including the Omega Road address. It also has a mailing address of P.O. Box 242, Walnut Creek, CA 94597.[9]

[1] Compl. – ECF No. 1; Proof of Serv. – ECF No. 8 at 2. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 9; Order – ECF No. 10; Am. Compl. – ECF No 11.

[3] Mot. – ECF No. 13 at 3.

[4] Do Decl. – ECF No. 14 at 2 (¶ 4); Statement of Info., Ex. A to *id.* – ECF No. 14-1.

[5] Do Decl. – ECF No. 14 at 2 (¶ 5); Statement of Info., Ex. B to *id.* – ECF No. 14-1.

[6] Do Decl. – ECF No. 14 at 2 (¶ 6); Aff., Ex. C to *id.* – ECF No. 14-3 at 1.

[7] Do Decl. – ECF No. 14 at 3 (¶ 7); Aff., Ex. D to *id.* – ECF No. 14-4 at 1.

[8] Do Decl. – ECF No. 14 at 3 (¶ 7); Aff., Ex. E to *id.* – ECF No. 14-5 at 1.

[9] https://bizfileonline.sos.ca.gov/search/business/Mercoza.

1    Mercoza has a website. It provides premium concrete services and describes its partners as

2  "Amador Duran with 34 years of experience in the industry, and Jason Duran with 19 years of

3  experience."[10] Its location is 1111 Broadway, Suite 300, Oakland, CA 94607, and its contact

4  information is 1-866-518-4492 and sales@mercoza.com.[11] Mr. Duran has a LinkedIn page that

5  lists his contact information as Mercoza.com.[12]

6

7                            **LEGAL STANDARD**

8    Before a court can exercise jurisdiction over a party, the party must receive notice that is

9  "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

10  of the action and afford them an opportunity to present their objections." *Mullane v. Cent.*

11  *Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction

12  over a defendant unless the defendant has been served properly under [Rule 4]." *Direct Mail*

13  *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

14

15  **1.   Service on an Individual**

16    Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant

17  using any method permitted by the law of the state in which the district court is located or in

18  which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of

19  service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to

20  someone else at the party's usual residence or place of business with mailing after (known as

21  "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.*

22  § 415.30; (4) service on persons outside the state by certified or registered mail with a return

23  receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50. California

24  Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served

25

26

27

28

[10] https://www.mercoza.com/about.

[11] https://www.mercoza.com/contactus.

[12] https://www.linkedin.com/in/jasonaduran/

United States District Court
Northern District of California

United States District Court
Northern District of California

1    in a manner which is reasonably calculated to give actual notice to the party served." Courts in this

2    district have authorized service by email under California Civil Procedure Code § 413.30. *See,*

3    *e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June

4    25, 2018); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014

5    WL 1877547, at *2–3 (N.D. Cal. May 9, 2014); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-

6    3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012).

7          California permits service by publication "if upon affidavit it appears to the satisfaction of the

8    court in which the action is pending that the party to be served cannot with reasonable diligence be

9    served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ.

10   Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the

11   court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who

12   truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87

13   Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough,

14   systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."

15   *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to

16   service by publication, the courts necessarily require him to show exhaustive attempts to locate the

17   defendant, for it is generally recognized that service by publication rarely results in actual notice."

18   *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (cleaned up). Because of due process concerns,

19   service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

20         Taking a few reasonable steps to serve a defendant does not necessarily mean that the "myriad of

21   other avenues" has been exhausted to warrant service by publication. *Id.* A plaintiff will generally

22   satisfy his burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his

23   address" by asking his relatives, friends, acquaintances, or employers, and by investigating

24   "appropriate city and telephone directories, the voters' register, and the real and personal property

25   index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at

26   1137 (cleaned up). "These are likely sources of information, and consequently must be searched

27   before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case

28

United States District Court
Northern District of California

1    specific. *Id.* at 1137–38 ("[T]he showing of diligence in a given case must rest on its own facts and

2    no single formula or mode of search can be said to constitute due diligence in every case.").

3        In addition to the reasonable-diligence requirement, a plaintiff seeking to serve a summons by

4    publication must demonstrate "upon affidavit" that "[a] cause of action exists against the party upon

5    whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc.

6    Code § 415.50(a)(1). The plaintiff "must offer 'independent evidentiary support, in the form of a

7    sworn statement of facts, for the existence of a cause of action against the defendant.'" *Cummings v.*

8    *Hale*, No. 15-cv-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (quoting

9    *McNamara v. Sher*, No. 11-cv-1344-BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012));

10   *see also Zhang v. Tse*, Nos. C 07-4946 JSW, C 05-2641 JSW, 2012 WL 3583036, at *3 (N.D. Cal.

11   Aug. 20, 2012) (collecting cases). The declaration must be signed by someone with personal

12   knowledge of the essential facts. *Cummings*, 2016 WL 4762208 at *3 (denying the plaintiff's request

13   for service by publication because the submitted declaration "d[id] not purport to be an affidavit,

14   [was] not sworn, and d[id] not demonstrate counsel's personal knowledge of the facts at issue").

15

16   **2. Service on a Corporation**

17       Rule 4(h) provides that a corporation or partnership must be served in a judicial district of the

18   United States in the manner prescribed by Rule 4(e)(1) for serving an individual (i.e., "following state

19   law for serving a summons in an action brought in courts of general jurisdiction in the state where the

20   district court is located or where service is made") or "by delivering a copy of the summons and of

21   the complaint to an officer, a managing or general agent, or any other agent authorized by

22   appointment or by law to receive service of process and—if the agent is one authorized by statute and

23   the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

24       "Under California law, a corporation or limited liability company can be served by delivering

25   the summons and complaint to one of an enumerated list of individuals, including the designated

26   agent for service of process or the general manager of the entity." *Johnson v. Huong-Que Rest.*,

27   No. 21-cv-04133-BLF, 2022 WL 658973, at *2 (N.D. Cal. Mar. 4, 2022) (citing Cal. Civ. Proc.

28   Code § 416.10). "In lieu of personal service on such individual, substitute service may be effected

United States District Court
Northern District of California

1   'by leaving a copy of the summons and complaint during usual office hours in his or her office . . .

2   with the person who is apparently in charge thereof, and by thereafter mailing a copy of the

3   summons and complaint by first-class mail, postage prepaid to the person to be served at the place

4   where a copy of the summons and complaint were left.'" *Id.* (quoting Cal. Civ. Proc. Code §

5   415.20(a)). A court may authorize service on a corporation through the Secretary of State if (1) the

6   corporation's agent for service "has resigned and has not been replaced" or "cannot with

7   reasonable diligence be found at the address designated," and (2) the plaintiff shows by affidavit

8   that process "against [the] domestic corporation cannot be served with reasonable diligence." Cal.

9   Corp. Code § 1702(a). The second, "reasonable diligence" requirement may be satisfied by

10  showing that process cannot be served (i) on the corporation's designated agent by hand under

11  California Civil Code sections 415.10, 415.20(a), or 415.30(a), or (ii) on the corporation itself

12  under Civil Code sections 416.10(a)–(c) or 416.20(a). *Id.* If the requirements are satisfied, then a

13  court may "order that the service be made upon the corporation by delivering by hand to the

14  Secretary of State." Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the

15  10th day after delivery of the process to the Secretary of State." *Id.*

### ANALYSIS

The court is not necessarily opposed to service through the Secretary of State and by

publication. But given a bricks-and-mortar business, a business email address, and the ability of a

person with authority to accept service for the corporation, the court thinks that the plaintiffs ought

to try that. Also, in this era, someone must have an email address for Mr. Duran. The court

generally does not authorize service by publication alone under circumstances like this, at least not

unless that is the only option. In any renewed motion for service by alternative means, the

plaintiffs need not allege earlier facts and instead can provide only new ones. For now, the court

denies the motion for alternative service without prejudice.

**IT IS SO ORDERED.**

Dated: August 16, 2024

_____
LAUREL BEELER
United States Magistrate Judge