UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al., <br><br>Plaintiffs,<br><br>v.<br><br>MERCOZA, et al.,<br><br>Defendants. | Case No. 24-cv-03007-LB <br><br>**ORDER REASSIGNING CASE; REPORT AND RECCOMENDATION TO GRANT DEFAULT JUDGMENT**<br><br>Re: ECF No. 29 |

## INTRODUCTION

In this ERISA case, the plaintiffs — employee benefit plans and their trustees — sued the defendant employers for liquidated damages, interest, and fees arising from late contributions. They also seek an audit of the defendants' payroll records. The defendants did not appear, the Clerk of Court entered default against the defendants, and the plaintiffs moved for default judgment. All parties must consent to magistrate-judge jurisdiction before the court can rule on a dispositive motion. *Williams v. King*, 875 F.3d 500, 503–05 (9th Cir. 2017). Because the defendants have not appeared and consented, the matter must be reassigned to a district judge. The court directs the Clerk of Court to reassign the case and recommends default judgment of $21,398.49 and the other relief in the plaintiffs' proposed judgment.

# STATEMENT

Mercoza, an active California corporation, and Jason A. Duran Martinez, an individual, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).[1] On June 14, 2022, Martinez, on behalf of Mercoza, entered into the "Independent Northern California Construction Agreement" with the Operating Engineers Local No. 3 of the International Union of Operating Engineers, AFL-CIO.[2] The Independent Agreement incorporates a Master Agreement between the union and the United Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and Northern Alliance of Engineering Contractors. It further incorporates various Trust Agreements, which require the defendants to make monthly contributions to the plaintiff trusts. Delinquent contributions are subject to interest at 10% per annum and, if a lawsuit is filed, liquidated damages of 20%.[3] Martinez personally guaranteed payment of these amounts.[4] Finally, the agreements require the defendants to maintain contribution reports and submit to audits upon request.[5]

The defendants did not make the required contributions from March to May 2023. Nor did they respond to requests for payroll audits.[6] After this suit was filed, the defendants missed contributions in another three-month period spanning September to November 2024.[7] Ultimately, the 2023 and 2024 contributions were not made until July 2024 and February 2025, respectively.[8]

---

[1] Compl. – ECF No. 1-1 at 2 (¶ 3). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3 (¶ 10).

[3] *Id.* at 4 (¶ 13); *see also* Trust Agreement – ECF No. 31-4 at 6 (§§ 1(A)(3)(b); 1(A)(4)).

[4] Compl. – ECF No. 1-1 at 3 (¶ 10); *see also* Independent Agreement – ECF No. 31-1 at 1 (§ 1(12)).

[5] Compl. – ECF No. 1-1 at 5 (¶ 14); *see also* Master Agreement – ECF No. 31-2 at 51 (§ 12.01.04).

[6] Compl. – ECF No. 1-1 at 5 (¶ 15–17).

[7] Mot. – ECF No. 29 at 8.

[8] Brown Decl. – ECF No. 31 at 4 (¶ 12).

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for — and the court may grant — a default judgment against a defendant who failed to plead or otherwise defend an action. After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true except as to damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court need not make detailed findings of fact. *Id.* "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (cleaned up). The decision to grant or deny a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986).

1. **Jurisdiction**

Before entering default judgment, the court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

There is federal-question jurisdiction because plan fiduciaries can sue to enforce a plan's terms under 29 U.S.C. § 1132. Similarly, Section 185 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq., authorizes suits to enforce the terms of collective bargaining agreements. There is personal jurisdiction over the defendants, who are California employers in the district, employers under both 29 U.S.C. § 1002 (5) and 29 U.S.C. § 152 (2), and entered into the agreements.

2. **Service**

The court must also ensure the adequacy of service on the defendants. *Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06–03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007). Service was adequate.

The plaintiffs served Defendant Mercoza by personal service on its registered Agent for Process of Service on May 30, 2024, and a Proof of Service of Summons was filed with this Court on September 6, 2024.[9] After amending the complaint, the plaintiffs were unable to serve it on Defendant Mercoza or Defendant Jason Duran Martinez. On August 6, 2024, the plaintiffs filed an Ex Parte Application for an Order Allowing Substitute Service of Summons and Complaint on Defendants.[10] The Court denied the Application and directed the plaintiffs to take further efforts to effectuate service.[11] The plaintiffs were still unsuccessful and renewed their request on October 10, 2024.[12] The Court authorized service via the California Secretary of State for Defendant Mercoza and by publication for Defendant Jason Duran Martinez.[13]

Service on Defendant Mercoza via the California Secretary of State was effected October 29, 2024, and service on Defendant Jason A. Duran Martinez by publication was completed on November 27, 2024.[14] Default was entered on December 20, 2024.[15] On January 14, 2025, the defendants were served with the Clerk's Notice of Entry of Default.[16] On March 25, 2025, the plaintiffs served the defendant via email with a copy of the motion for default judgment.[17]

### 3. *Eitel* Factors

Seven factors guide the court's discretion when considering default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7)

---

[9] Executed Summons – ECF No. 8.
[10] Ex Parte Application I – ECF No. 13.
[11] Order – ECF No. 17.
[12] Ex Parte Application II – ECF No. 19.
[13] Order – ECF No. 24.
[14] Executed Summons – ECF No. 25.
[15] Default – ECF No. 27.
[16] Certificate of Service – ECF No. 28.
[17] Certificate of Service – ECF No. 35.

the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Mohanna v. Bank of Am., N.A.*, No. 16-cv-01033-HSG, 2017 WL 976015, at *3 (N.D. Cal. Mar. 14, 2017) (cleaned up).

The *Eitel* factors favor entry of default judgment.

### 3.1   The Possibility of Prejudice to the Plaintiff (First *Eitel* Factor)

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if the court does not enter default judgment, and whether such potential prejudice favors granting default judgment. *Eitel*, 782 F.2d at 1471; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Without default judgment, the plaintiff has no other remedy because the defendants refuse to participate in this litigation. This factor favors default judgment.

### 3.2   The Merits and Sufficiency of the Claims (Second and Third *Eitel* Factors)

The second and third *Eitel* factors consider the merits of the claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. "The Ninth Circuit has suggested that [these factors] . . . require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). For default judgment, the court need not make detailed findings of fact. *Fair Hous. of Marin*, 285 F.3d at 906.

The allegations — taken as true — support the plaintiffs' claim that Defendant Mercoza violated ERISA § 515, 29 U.S.C. § 1145, and the terms of the agreements. All required Mercoza to make timely contributions to the plans and submit to audit requests. The well-pled allegations establish that contributions were late and Mercoza did not comply with an audit request.[18] Finally, the complaint alleges that in the Independent Agreement, Defendant Martinez personally guaranteed all amounts at issue.[19] The third factor favors default judgment.

---

[18] Compl. – ECF No. 1 at 5 ((¶¶ 12–17).

[19] *Id.* at 5 (¶ 10); *see also* Independent Agreement – ECF No. 31-1 at 1 (§ 1(12)); Do Decl. – ECF No. 32 at 2 (¶¶ 5–6); Contractor's License Details – ECF No. 32-2 (Martinez owns at least 10% of Mercoza).

ORDER; R & R – No. 24-cv-03007-LB              5

### 3.3 The Sum of Money at Stake (Fourth *Eitel* Factor)

The fourth *Eitel* factor considers the sum of money at stake in the action. Substantial or unreasonable monetary demands weigh against default judgment. *Eitel*, 782 F.2d at 1472 (three-million-dollar judgment, considered in light of the parties' dispute as to material facts, supported decision to not enter default judgment); *Tragni v. Souther Elec. Inc.*, No. C 09-32 JF (RS), 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Bd. of Trs. v. RBS Wash. Blvd., LLC*, No. C 09-00660 WHA, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010).

Here, the plaintiffs seek liquidated damages, interest, and attorney's fees totaling $21,398.49. The amount is reasonable in view of the terms of the agreements, and thus the fourth factor favors default judgment.

### 3.4 The Possibility of a Dispute or Excusable Neglect (Fifth and Sixth *Eitel* Factors)

The fifth and sixth *Eitel* factors consider the possibility of a dispute concerning material facts and whether a defendant's failure to respond was likely due to excusable neglect. Material facts are not in dispute: the court takes the well-pleaded allegations in the complaint as true. *Fair Hous. of Marin*, 285 F.3d at 906. There is no excusable neglect. These factors favor default judgment. *See, e.g.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) ("The default . . . cannot be attributed to excusable neglect. All were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion.").

### 3.5 The Strong Policy Favoring Decisions on the Merits (Seventh *Eitel* Factor)

The seventh *Eitel* factor considers the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Although default judgment is disfavored, "[t]he very fact that [Rule] 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping*, 1996 WL 75314, at *3. "While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits[,] . . . [as] when a party fails to defend against an action[.]" *Id.* Litigation on the merits is not possible given the defendants refusal to participate. This factor favors default judgment.

**4. Relief**

    **4.1    Liquidated Damages and Interest**

After default, well-pled allegations in the complaint are taken as true, except as to damages. *Fair Hous. of Marin*, 285 F.3d at 906. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). But "[c]ourts in the Ninth Circuit have made a limited exception for delinquent contributions that come due after a complaint is filed on the basis that such an approach is consistent with the legislative intent underlying ERISA." *Bay Area Painters v. Alta Specialty*, 2008 WL 114931, at *4 (N.D. Cal. Jan. 10, 2008); *see also Trustees of Bricklayers Local No. 3 Pension Trust v. Huddleston*, 2013 WL 2181532, at *4 (N.D. Cal. May 20, 2013).

ERISA § 515 provides that every employer who is obligated to make contributions to a multiemployer plan pursuant to the terms of a collective bargaining agreement must make such contributions in accordance with the terms of such agreement. Where judgment is entered in favor of the plan in an action to enforce Section 515, the court must award the plan interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate. ERISA § 502 (g), 29 U.S.C. § 1132 (g)(2). To collect statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). Liquidated damages can also be awarded where further unpaid contributions become delinquent after the filing of the lawsuit. *Local 81 v. Wedge Roofing*, 811 F. Supp. 1398 (N.D. Cal. 1992).

The plaintiffs seek monetary relief in the following amounts.[20]

| Work Month | Late-Paid Contributions | 20% Liquidated Damages | 10% Interest (through date paid) | Total |
|---|---|---|---|---|
| March 2023 | $785.52 | $157.10 | $94.69 | $251.79 |
| April 2023 | $5,236.80 | $1,047.36 | $588.21 | $1,635.57 |
| May 2023 | $2,618.40 | $523.68 | $271.87 | $795.55 |
| September 2024 | $804.00 | $160.80 | $26.43 | $187.23 |
| October 2024 | $1,072.00 | $214.40 | $26.14 | $240.54 |
| November 2024 | $268.00 | $53.60 | $0.00 | $53.60 |
| **Subtotals** | | $2,156.94 | $1,007.34 | $3,164.28 |
| **Subtotal (Estimated Contributions, Liquidated Damages and Interest):** | | | | $3,164.28 |
| Attorneys' Fees (Thru 2/28/25): | | | | $15,652.50 |
| Costs (Thru 2/28/25): | | | | $2,581.71 |
| **Total (Attorneys' Fees and Costs):** | | | | $18,234.21 |
| **GRAND TOTAL:** | | | | $21,398.49 |

The basis for these damages is documented. The agreement contemplates 20% liquidated damages if a lawsuit is filed, and all unpaid contributions accrue simple interest at 10% per year until paid.[21] The defendants' March 2023, April 2023, May 2023, September 2024, October 2024, and November 2024 contributions were paid late. Specifically, the 2023 and 2024 contributions were not made until July 2024 and February 2025, respectively.[22]

### 4.2   Attorney's Fees and Costs

Both ERISA and the agreements authorize reasonable attorney's fees and costs.[23] 29 U.S.C. § 1132 (g)(2)(D). The reasonableness of attorney's fees is evaluated by reference to the lodestar amount: the product of a reasonable number of hours at a reasonable hourly rate. *Credit Managers Ass'n of So. Calif. v. Kennesaw Life and Acc. Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994). Evidence of billing rates awarded in ERISA cases in the region must be considered. *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). The reasonable hourly rate may also turn on (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the

---

[20] Mot. – ECF No. 29 at 8.

[21] Trust Agreement – ECF No. 31-4 at 6 (§§ 1(A)(3)(b); 1(A)(4)).

[22] Brown Decl. – ECF No. 31 at 4 (¶ 12).

[23] Master Agreement – ECF No. 31-2 at 58 (§ 12.13.06).

quality of representation; and (4) the results obtained. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988).

Counsel billed 31.9 attorney hours and 27.0 paralegal hours on this case. The attorney rate was $325/hour from February 29, 2024 through December 31, 2024, and then $375/hour from January 1, 2025 through February 28, 2025. The paralegal rate was $185/hour from February 29, 2024 through December 31, 2024, and then $205/hour from January 1, 2025 through February 28, 2025. In view of customary ERISA rates, the expertise of counsel, and motion practice necessitated by the defendants' failure to appear, the request is reasonable.[24] *See Langston v. N. Am. Asset Dev. Corp. Grp.* Disability, No. 08-2560 SI, 2010 WL 1460201, at *2 (N.D. Cal. Apr. 12, 2010). Moreover, the plaintiffs can recover their process server costs of $2,581.71, which they reasonably incurred from trying to serve the defendants.[25]

### 4.3   Injunctive Relief

Finally, the plaintiffs seek an order requiring the defendants to comply with an audit of their payroll records from July 1, 2022, through June 30, 2023.[26]

ERISA authorizes equitable relief as the court deems appropriate. 29 U.S.C § 1132(g)(2)(E). Where a collective bargaining agreement authorizes audits, that right should be enforced. *Cent. States, Se. & Sw. Areas Pension Fund. v. Cent. Transp. Inc.*, 472 U.S. 559, 581–582 (1985).

The Master Agreement requires the defendants to submit to audits.[27] That right should be enforced — and monetary damages are inadequate — because otherwise the plaintiffs cannot determine if additional damages are owed.[28] The requested order is appropriate because it is narrower than the relief sought in the complaint.[29]

---

[24] Do Decl. – ECF No. 32 at 5–6 (¶¶ 22–24) (detailing qualifications); Ex. F to Do. Decl. – ECF No. 32-6 (time notes).

[25] Do Decl. – ECF No. 32 at 6 (¶ 28); Ex. G to Do. Decl. – ECF No. 32-7 (expenses).

[26] Mot. – ECF No. 29 at 25.

[27] Compl. – ECF No. 1 at 5 (¶ 14); *see also* Master Agreement – ECF No. 31-2 at 51 (§ 12.01.04).

[28] *Id.* at 6 (¶ 23).

[29] *Id.* at 7 (seeking an order "requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements.")

# CONCLUSION

The undersigned reassigns the case and recommends granting default judgment in the form of the proposed order and judgment, including $21,398.49 in monetary relief and the requested injunction.[30] Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72. Failure to file an objection may waive the right to review the issue in the district court. The court directs the plaintiffs to serve this report and recommendation in the manner that it has served the underlying motion and to file proof of service.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: May 7, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[30] Proposed Order – ECF No. 33.